## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASSANE FAYE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No.  09-2229 (RJL)

**FILED**

**JUL 2 0 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
July _16_ 2015 [#43, #45]

Plaintiff International Union, Security, Police and Fire Professionals of America

("SPFPA" or "plaintiff") brings this action against defendant Assane Faye ("defendant"),

alleging that defendant breached his fiduciary duties, duty of loyalty, and duties under the

SPFPA Constitution and Bylaws while employed by the SPFPA. *See generally* Compl.

[Dkt. #1].  Before this Court are defendant's Motion to Dismiss [Dkt. #43] ("Mot. to

Dismiss") and plaintiff's Motion for Partial Summary Judgment [Dkt. #45] ("Mot. for

Summ. J.").  Because this Court lacks subject matter jurisdiction over the alleged federal

law claims and therefore must not exercise supplemental jurisdiction over the alleged

state common law claims, the defendant's Motion to Dismiss is hereby GRANTED and

plaintiff's Motion for Partial Summary Judgment is hereby DENIED as MOOT.

## BACKGROUND

Plaintiff SPFPA is a labor union that represents security officers throughout the United States. Compl. ¶¶ 1, 5. Defendant was employed by the SPFPA from 2004 until September 24, 2009. Compl. ¶ 6. At no time was defendant a member of the SPFPA. Def.'s Mem. of P. & A. in Supp. of His Mot. to Dismiss 1 [Dkt. #43] ("Def.'s Mem."). Plaintiff alleges that, during his employment with the SPFPA, defendant engaged in actions contrary to the interests of the SPFPA, including helping establish a competing labor organization and encouraging SPFPA members to join that competing union. Compl. ¶ 9; Pl.'s Br. in Supp. of Mot. for Partial Summ. J. ¶ 9 [Dkt. #45] ("Pl.'s Br. in Supp."). For these alleged offenses, plaintiff filed a complaint against defendant on November 24, 2009 asserting two federal law and four state common law claims. The federal law claims include violations of the Labor-Management and Reporting Disclosure Act ("LMRDA"), 29 U.S.C. § 501, and violations of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1] Because plaintiff asserts federal law claims, it contends that this Court has federal question jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and § 1337. Compl. ¶ 4. On October 14, 2014, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction over the ostensible federal causes of action and therefore should not exercise supplemental jurisdiction over the state common law claims. *See generally* Def.'s Mem. In support of this claim, defendant argues that neither the

---

[1] 29 U.S.C. § 185 is often referred to as Section 301 of the LMRA. However, to avoid confusion, I refer to the statute using the full cite or as Section 185.

LMRDA nor the LMRA creates a federal cause of action for a union to sue, on its own behalf, its former employee who was at no time a member of the union. *Id.*

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and a court should begin with a presumption that a case lies outside its jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing that subject matter jurisdiction exists rests upon the party asserting it. *Id.*; *see also Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In evaluating a Rule 12(b)(1) motion, the Court must construe the allegations in the complaint in the light most favorable to the plaintiff. *See, e.g.*, *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). However, the Court's inquiry is not limited to the allegations in the complaint. *Id.* Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

The issue of a court's subject matter jurisdiction "may be raised by a party, or by the court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). If a district court "determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

## ANALYSIS

### A.    Jurisdiction Pursuant to Section 501(b)

Plaintiff alleges in Count I of its complaint that defendant breached fiduciary duties it owed to the SPFPA in violation of 29 U.S.C. § 501.  Compl. ¶¶ 13-17. Defendant seeks dismissal of this claim, arguing that the plain language of the statute does not authorize unions to sue.  Def.'s Mem. 2-4.  Plaintiff responds that the legislative intent, language, and structure of the statute demonstrate that Section 501(b) contains an implied federal cause of action for unions to sue on their own behalf.  Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 2-3 [Dkt. #46] ("Pl.'s Opp'n Br.").

Section 501(a) of the LMRDA imposes particular fiduciary duties on union officials because "[t]he officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group." 29 U.S.C. § 501(a).  Section 501(b) prescribes the remedy for a breach of these duties, stating in relevant part:

> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.

*Id.* at § 501(b). By its terms, Section 501(b) clearly creates a federal cause of action for

an individual union member to file suit when certain procedural hurdles are met. Section

501(b) is silent, however, as to whether it creates a federal cause of action for a union to

sue on its own behalf. Courts considering the issue have reached inconsistent

conclusions, *see Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 374

n.16 (1990) (recognizing that courts have reached inconsistent positions on whether

Section 501 creates an implied federal cause of action for unions but declining to resolve

that divide), and our Circuit has yet to address the issue.[2] The Seventh and Eleventh

Circuits have held that Section 501(a) creates an implied cause of action for unions to sue

on their own behalf. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276,

282-89 (7th Cir. 2009); *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers

v. Statham*, 97 F.3d 1416, 1418-21 (11th Cir. 1996). The Ninth Circuit, however, has

held that it does no such thing. *Bldg. Material & Dump Truck Drivers, Local 420 v.

Traweek*, 867 F.2d 500, 506-07 (9th Cir. 1989). After reviewing the parties' briefs and

existing case law, I agree with the Ninth Circuit: Section 501 does *not* create an implied

cause of action for a union to sue on its own behalf.

---

[2] The singular case in our Circuit to contemplate the right of unions to sue under Section 501 did
not address a union's right to initiate suit on its own behalf. *See Weaver v. United Mine Workers
of America*, 492 F.2d 580 (D.C. Cir. 1973) (allowing union to realign as party plaintiff after
union elections in a suit properly brought under Section 501(b) by individual union members).
At least one court in this jurisdiction has expressly determined that *Weaver* does not stand for the
proposition that Section 501(b) authorizes unions to sue in the first instance on their own behalf.
*Retail Clerks Int'l Ass'n v. Burge*, No. 76-0356, -0595, 1979 WL 1938, at *2-3 (D.D.C., Oct. 30,
1979) ("The Court cannot conclude, as plaintiff urges, that merely because the realignment in
*Weaver* was held not to destroy that court's already-existing jurisdiction, the statute should be
read to confer jurisdiction over suits brought by the union in the first instance.")

The Supreme Court has made clear that when determining whether a federal statute contains an implied cause of action the "central inquiry" is Congressional intent. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979); *see also Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15-16 (1979) (holding that the ultimate question in an implied right of action analysis is whether Congress intended to create a private right of action even if it did not expressly provide one). In 2001, the Supreme Court more specifically stated that "[t]he judicial task is to interpret the statute . . . to determine whether it displays [not only] an intent to create . . . a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Thus, unless Congressional intent to create a federal cause of action can be inferred from the language of the statute, the statutory structure, or some other source, there is no basis for the implication of a private remedy. *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988); *TAMA*, 444 U.S. at 18. Indeed, the Supreme Court has made it clear that courts may not read into statutes a cause of action, even if doing so would further the purposes of the statute. *Alexander*, 532 U.S. at 286-87.

Turning to the statutory text of Section 501, the plain language is clear: it authorizes individual union members to bring suit against union officials who violate the duties described in Section 501(a) when the union itself declines to do so. *See* 29 U.S.C. § 501(b). Courts, however, have found an *implied* federal cause of action exists for unions based upon the pre-condition of the union declining to bring a suit in some forum. *See, e.g., Statham*, 97 F.3d at 1419. Not surprisingly, these courts opine that because the individual union member's cause of action is derivative of the union's cause of action

Congress intended that it also be in a *federal* forum. *See, e.g.*, *Ward*, 563 F.3d at 288 ("It would be anomalous indeed to read this statutory scheme as remitting the union's own suit—which is primary under the statutory hierarchy—to state court."); *Statham*, 97 F.3d at 1420 (finding that it would "frustrate congressional intent to relegate the union to state remedies" because Congress intended to create new federal protections to supplement the then-existing remedies). These courts conveniently explain away Congress' failure to expressly state this intent by concluding, rather circuitously, that the union's cause of action was implicit while an individual's cause of action needed to be "spelled out." *See* *Statham*, 97 F.3d at 1421 (finding that reading the statute as a whole reveals that "Congress thought it implicit that the unions could enforce" the rights outlined in Section 501(a) in court, whereas "[a]llowing the individuals to assert the unions' claims was more extraordinary and therefore had to be spelled out"); *see also Ward*, 563 F.3d at 287.

While this position may have some logical appeal, it is simply not supported by the statute's language, legislative history, or purpose. Although the statutory language does reveal that Congress contemplated unions bringing suit in some forum, nothing in the statute suggests that Congress thought unions and union members required access to the *same* forum. Indeed, the problem Congress sought to address through the LMRDA was not that unions lacked adequate remedies under state law against corrupt officials, but that unions were failing to pursue those remedies.[3] *See* H.R. Rep. No. 86-741, at 81

---

[3] In 1958, a congressional committee known as the Select Committee on Improper Activities in the Labor Management Field released an interim report—popularly referred to as the McClellan Committee Report—which revealed that unions were plagued with widespread corruption and union leaders were engaging in repeated instances of violence and racketeering without

(1959) (explaining that the House Committee on Education and Labor found it important to write detailed fiduciary duties into the federal law even though "common law covers the matter"); *SantaMaria*, 162 F. Supp. 2d at 78-79 (finding that the legislative history of the LMRDA evidences a concern about the absence of state law remedies for *union members*). *But see Statham*, 97 F.3d at 1420 (concluding that the legislative history demonstrates Congress intended to supplement the remedies available to unions). The solution Congress conceived was to democratize labor unions and grant union members a federal remedy in those situations in which the union failed to act. *See* S. Rep. No. 86-187, at 72 (1959) (noting that only one state had enacted a statute imposing fiduciary duties on union officials *and giving union members the right to sue* for a breach of those duties when discussing the need to "enable[e] rank-and-file union members" to enforce officials fiduciary duties). While some courts may believe that a federal cause of action for the union itself is compatible with the statute's structure and purpose, that alone is not reason enough to infer a cause of action where one does not exist. *See Alexander*, 532 U.S. at 286-87.[4]

---

consequence. *See* S. Rep. No. 85-1417, at 3-6 (1958); *see also Ward*, 563 F.3d at 278; *Phillips v. Osborne*, 403 F.2d 826, 828-29 (9th Cir. 1968). Congress passed the LMRDA a year later in response to growing public concerns stemming from such reports. *See Phillips*, 403 F.2d at 828.
[4] Rather than dismiss the Section 501 claim, Plaintiff asks that this Court grant it leave to amend its complaint to include appropriate individual union members. Such action, however, would not render this suit properly brought under Section 501. In order for an individual union member to bring suit under Section 501, several prerequisites must be met. Importantly, the union itself must have refused or failed to sue within a reasonable period of time. 29 U.S.C. § 501(b). This prerequisite is clearly not met in the present case.

8

**B.     Jurisdiction Pursuant to Section 185**

In Count V of its complaint, plaintiff alleges breach of contract in violation of 29

U.S.C. § 185 based on defendant's failure to fulfill his obligations under the SPFPA's

Constitution and Bylaws.  Compl. ¶¶ 35-40.  Defendant seeks dismissal of this claim,

arguing that suits against former union employees, which are purely intra-union, are not

covered by Section 185 and, as a non-union member, he was not subject to the SPFPA's

Constitution or Bylaws.  Def.'s Mem. 4-5.  I agree.

By its terms, Section 185(a) confers federal jurisdiction over "[s]uits for violation

of contracts between an employer and a labor organization representing employees in an

industry affecting commerce as defined in this chapter, or between any such labor

organizations . . . ."  29 U.S.C. 185(a).  As the Supreme Court has explained, the word

"between" in Section 185(a) refers to "contracts," and not "suits."  *Smith v. Evening

News Ass'n.*, 371 U.S. 195, 200-01 (1962).  As a threshold matter then, a suit properly

brought under Section 185(a) must be a suit for either (1) a violation of a contract

between an employer and a labor union or (2) a violation of a contract between two labor

unions.  *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 98 (1991).  For

purposes of Section 185(a), a union's constitution is a contract.  *United Ass'n of

Journeymen & Apprentices of the Plumbing & Pipefitting Indus. v. Local 334*, 452 U.S.

615, 624 (1981) (holding that suit by a local union against its international for a violation

of its constitution came within the meaning of Section 185(a)).

Courts have also considered who may be the parties to a Section 185 suit and have

concluded that under Section 185 "a 'suit may be brought only against the parties to the

contract.'" *Levi v. Int'l Bhd. of Teamsters*, 842 F. Supp. 2d 306, 309 (D.D.C. 2012) (quoting *Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir. 1984)).  As such, courts have entertained suits by an employer against a union, *see, e.g.*, *Carbon Fuel Co. v. Mine Workers*, 444 U.S. 212 (1979); by a union against an employer, *see, e.g.*, *Auto. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966); and by a local union against its parent international union, *see, e.g.*, *Journeymen*, 452 U.S. at 620. Applying Sections 185(b) and 185(e), which govern liability for a union's or employer's agents, courts have also allowed suits for equitable relief, but not money damages, against union officials for violations of the union's constitution. *See, e.g.*, *Shea v. McCarthy*, 953 F.2d 29 (2d Cir. 1992).  Finally, although the object of a Section 185 suit *must* be a party to the contract allegedly violated, the Supreme Court has held that Section 185 suits may be brought by a third-party beneficiary. *See Smith*, 371 U.S. at 200-01 (allowing employee to sue his employer under Section 185 for violation of a collective bargaining agreement between the employer and the union); *Wooddell*, 502 U.S. at 101 (allowing individual union member to sue union for breach of union constitution).

Despite these various iterations of a Section 185 suit, plaintiff has not identified a single case in which a union was permitted to sue a non-member employee.  Indeed, each of the cases cited by the plaintiff for the proposition that "a union may sue individual officials for equitable relief" under Section 185 involved an international union suing a local union and its officers for violation of the union's constitution.  Such is not the case here!  Recognizing that the facts here do not easily meet the requirements of a Section

10

185 suit, plaintiff argues, rather creatively, that by taking an oath—the words of which were prescribed in the constitution—defendant violated the constitution when it allegedly violated that oath.  However, by its very terms the SPFPA's Constitution and Bylaws are the law of the international and local unions and binding on each *union* member.  *See* Mot. for Summ. J. Ex. 2.  Since the defendant is *not* a union member, he was not a party to the constitution.  Thus, plaintiff's argument falls short.  Without an alleged breach of the constitution by a party to the constitution, Section 185 jurisdiction will not lie.  *See Levi*, 842 F. Supp. 2d at 309.

### C.    Jurisdiction Over State Common Law Claims

Because this Court does not have subject-matter jurisdiction over plaintiff's alleged federal law claims, I have no basis to exercise supplemental jurisdiction over plaintiff's state common law claims.  *See* 28 U.S.C. § 1367.

### CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss is GRANTED.  A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge